(No. 4334—

JACK T. WILLIAMS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 26, 1952.*

JACOB CANTLIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant herein seeks damages for the moving of a hatchery building, for loss of business, and expenses of this suit by reason of a new bridge being constructed adjacent to the location of his building, causing the level of the roadway to be 3 feet higher than formerly.

Claimant's building was constructed in 1933 on what is called Williams Island, which lies between the cities of Sterling and Rock Falls in Whiteside County, Illinois. The building was originally 20 feet by 60 feet, and was placed on land owned by Jennie Williams, mother of the claimant. In 1937, an addition was made to the building of 30 feet by 12 feet. The front of the building faced the highway, and the building line was 1 foot from the west side of the highway right-of-way.

The old highway pavement was about 24 feet from the front of the building, and, after the new bridge was put in, a curb was made at the west side, and also a sidewalk. The distance from the west edge of the pavement to the front of claimant's building was 13 feet.

Claimant had conducted a hatchery business, and, after the road improvements started, he discontinued the business, and rented the building for $40.00 a month. The evidence discloses that the State made an offer of $3,000.00 for moving the building, which apparently was never accepted, and, which was not paid, because the appropriations had all been expended.

The claimant, by his own evidence, does not claim any damages as a result of loss of business, and, as a matter of fact, he voluntarily discontinued his business. The claimant bases his claim solely on the ground that the improvement took away access to the front of his building, where trucks and other vehicles formerly

could back up to his door to unload material, and take out baby chicks and poultry supplies.

There is no evidence in the record of just what interest claimant had in the land where the building was located. There is no competent evidence in the record to disclose any damages sustained by claimant.

The law is clear in Illinois that claimant had no property rights in the use of the streets or highways for the location and maintenance of his business.

In *City of Chicago* vs. *Rhine*, 363 Ill. 619, the Court, at page 625, said:

"The defendant had no property right in the use of any of the streets of Chicago for the location and maintenance of his business."

In order for claimant to sustain a claim for damages, he must show a direct physical disturbance of a property right different in degree and kind from that sustained by the public at large. All of the cases cited by plaintiff sustain this statement, as do all of the Illinois cases. See: *Illinois Power and Light Corporation* vs. *Wieland*, 324 Ill. 411; *Central Illinois Public Service Co.* vs. *Lee*, 409 Ill. 19-24.

Claimant's damages are alleged to have occurred because he was deprived of ground, which is admitted was the right-of-way of a public road. Claimant has no property rights in said area, and, as the result under the record in this case, no damages could be allowed. The law will not allow a claim for damages to land not taken, unless it is from a cause, which the law regards as a basis for damages. *Central Illinois Public Service Co.* vs. *Lee, supra*; *Kramer, Et Al* vs. *State of Illinois*, 10 C.C.R. 556, 560.

For the reasons assigned that the alleged claim is predicated on a cause, which is not the basis for damages, the claim is denied.