CHICAGO REGIONAL PORT
DISTRICT, Plaintiff,

v.

FERROSLAG, INC., Defendant.

No. 80 C 4497.

United States District Court,
N. D. Illinois, E. D.

Jan. 11, 1982.

William Dart, Earl L. Neal, Chicago, Ill.,
for plaintiff.

James E. Betke, McDermott, Will & Emery, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ferroslag[1] has moved for an award of attorney's fees against Chicago Regional Port District ("District"), essentially because this Court's June 4, 1981 memorandum opinion and order (the "Opinion") found District's Complaint so thoroughly devoid of merit.[2] For the reasons stated in this memorandum opinion and order, Ferroslag's motion is denied.

■ This Court need not pause long on the issues, for Ferroslag has incorrectly approached the matter as though the Court were free to exercise its "inherent power" to tax a party with fees on the basis most recently described in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980):

> Of course, the general rule in federal courts is that a litigant cannot recover his counsel fees. See *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S., at 257, 95 S.Ct. at 1621. But that rule does not apply when the opposing party has acted in bad faith. In *Alyeska*, we acknowledged the "inherent power" of courts to
>
> "assess attorneys' fees for the 'willful disobedience of a court order ... as part of the fine to be levied on the defendant[,] *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 426–28 [43 S.Ct. 458, 465–66, 67 L.Ed. 719] (1923),' *Fleischmann Distilling Corp. v. Maier Brewing Co., supra*, [386 U.S. 714] at 718 [87 S.Ct. 1404 at 1407, 18 L.Ed.2d 475] or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons....' *F. D. Rich Co.* [*v. United States ex rel. Industrial Lumber Co.*],

---

1. Defendant was erroneously named in the Complaint as Ferroslag, Inc., a Pennsylvania corporation. In fact Ferroslag is an unincorporated division of Spang & Company, a legal entity. Nonetheless this opinion will refer to defendant as "Ferroslag" for convenience.

2. Though the Opinion ruled only on District's motion for summary judgment, its thrust made plain District's ultimate inability to sustain the action. District has since dismissed its Complaint, apparently planning to reinstate its claim when it has satisfied the 12-month notice condition of termination established· in the agreement between the parties.

417 U.S. [116], at 129 [94 S.Ct. 2157, at 2165, 40 L.Ed.2d 703] [(1974)] (citing *Vaughan v. Atkinson*, 369 U.S. 527 [82 S.Ct. 997, 8 L.Ed.2d 88] (1962))." *Id.* 421 U.S. at 258–259, 95 S.Ct. at 1622. The bad-faith exception for the award of attorney's fees is not restricted to cases where the action is filed in bad faith. " '[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973).

But this is a diversity case, and our Court of Appeals is among those that have made it plain (following *Alyeska*, 421 U.S. at 259 n.31, 95 S.Ct. at 1622 n.31) that Illinois not federal law provides the rule of decision.[3] As the Court said in *Tryforos v. Icarian Development Co.*, 518 F.2d 1258, 1265 (7th Cir. 1975):

> On the other hand, the Supreme Court's recent decision in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 n.31 (1975), requires us to reject appellees' position that we should look to federal law as authority for the award. Since this is a diversity case, the question of plaintiffs' liability for defendants' fees must be determined by the law of Illinois. *Trust Co. of Chicago v. National Surety Corp.*, 177 F.2d 816, 818 (7th Cir. 1949).

Illinois law strictly limits the recoverability of attorneys' fees. As the Illinois Appellate Court put it in *Qazi v. Ismail*, 50 Ill.App.3d 271, 272–73, 7 Ill.Dec. 434, 364 N.E.2d 595, 596 (1st Dist. 1977):

> The well-established principle in this State is that attorney's fees and other costs of litigation are ordinarily not recoverable by the prevailing party unless specifically authorized by statute or con-

---

**3.** It should be noted that a different rule applies as to assessing fees against *lawyers* rather than *litigants.* Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

tract [citing cases]. There is no common law principle allowing attorney's fees either as costs or damages [citing cases]. See also *St. Joseph Hospital v. Corbetta Construction Co., Inc.*, 21 Ill.App.3d 925, 961, 316 N.E.2d 51, 76–77 (1st Dist. 1974), for a laundry list of cases so holding.

Accordingly this Court is without power to grant the relief sought by Ferroslag. Under the circumstances no view is expressed as to the manner in which the Court would have dealt with the issue were it exercising its inherent power in a federal question case. Ferroslag's motion must be and is denied.

expenses, and attorneys' fees reasonably incurred because of such conduct.

That statute applies to all federal cases, diversity and federal question alike. No arbitrariness is involved in thus distinguishing between sanctions against clients and sanctions against their lawyers, for the Court's inherent power to deal with the counsel who practice before it justifies the distinction.