**Ahmed Al HARBY, Plaintiff-Appellee,**

v.

**David E. SAADEH, doing business as the Oasis Travel, Defendant,**

**and**

**Kuwait Airways Corp., Defendant-Appellant.**

**No. 86–1723.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1986.

Memorandum Filed April 6, 1987.

Order and Opinion Filed May 5, 1987.

---

David A. Senior, Los Angeles, Cal., for defendant-appellant.

Julian T. Laswtowski, San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN, PREGERSON and HALL, Circuit Judges.

GOODWIN, Circuit Judge:

Kuwait Airways Corp. appeals a judgment awarding Ahmed Al Harby $4,514 for breach of contract.

The district court found a breach when passenger Harby, who had purchased an "open return" ticket, was unable to book a flight when he was ready to return to the United States. He claimed that he was stranded in Yemen for ten days because the airline could not provide him timely return reservations.

A travel agent, David E. Saadeh of the Oasis Travel in San Francisco, sold Harby the Kuwait Airways roundtrip, open-return ticket which provided for transportation from San Francisco to Yemen and return for $1,706. Saadeh had made no reservation for Harby's return because Harby was uncertain of his desired return date.

Harby departed San Francisco for Yemen on July 23, 1983. After completing a stay of approximately ten weeks, Harby contacted Bilqis T & Tour, a travel agent in Yemen, to make a reservation for a return flight to San Francisco.[1] Bilqis said Harby would have to come to Sanaa in order to confirm a reservation on the next Kuwait Airways flight. Upon arriving in Sanaa, Harby was told there was no room on the Kuwait Airways flight departing that date, and the next Kuwait Airways flight would be in one week. Five days passed before Bilqis discovered that there was no space available on the next flight. Harby was unable to obtain a definite reservation on any future Kuwait Airways flight. Harby then purchased for $1,414 a one-way ticket on a flight departing Sanaa on Yemen Airways.

Harby then demanded a refund from Kuwait Airways, and from Saadeh, of one-half the total fare paid for his roundtrip Kuwait Airways ticket. Both responded that they would not make such a refund. However,

1. The trial court dismissed defendants Bilqis and Saadeh at the beginning of trial. Bilqis was never served with Harby's complaint. Although Saadeh was served, he never responded or appeared in the case.

Kuwait Airways offered to make a refund of $163, the difference between the regular one-way coach fare from San Francisco to Yemen, and the amount Harby had paid for the roundtrip ticket. Harby rejected the offer and sued.

The trial court concluded as a matter of law that both Saadeh and Bilqis were acting as agents of Kuwait Airways; that Harby had fully complied with the conditions of his ticket; and that Kuwait Airways breached its agreement with Harby, causing him to suffer expenses and damages as a result of the airline's breach. The court then awarded Harby damages of $1,414 for the cost of his return fare on Yemen Airways; $1,600 for the costs of lodging and other expenses due to delay in Sanaa; and general damages of $1,500.

### I. *Breach of Contract*

■ The trial court's finding that Kuwait Airways breached its contract with Harby was clearly erroneous. An open-return ticket guarantees no departure time, but merely the right to the next available open seat. Because Harby had an open-return ticket, the obligation to transport Harby by a certain date or time was not a term of the contract (the contract, here, being the airline ticket). "[W]here an essential element is reserved for future agreement of both parties, a legal obligation cannot result." *Transamerica Equipment Leasing Corp. v. Union Bank*, 426 F.2d 273, 274 (9th Cir.1970). Because the return date was not a term of the contract, the airline's failure to transport Harby back to San Francisco in a timely manner could not result in a breach of contract.

### II. *Negligence*

Despite the trial court's error on the contract finding, we would affirm the court's decision if it were correct on any theory. A more tenable legal theory in this case might have been negligence by the travel agent. In *American Express Co. v. Teitel*, 119 Misc.2d 822, 464 N.Y.S.2d 947, 951 (1983), the court recognized that ticket agents have a duty to impart accurate ma-

terial information to their clients. Harby claims that Saadeh failed to indicate the rather peculiar and important circumstance that only one Kuwait Airways flight departed Sanaa per week, and hence, that return reservations might be difficult to procure. Although Harby pleaded professional negligence as the first cause of action in his complaint, the trial court's findings reveal no explicit finding of liability on the negligence theory. The trial court, however, used the word "negligence" in describing the airline's contract breach.

■ We need not reach the question whether Saadeh was negligent in failing to disclose to Harby material information, however, because Harby presented insufficient evidence to prove that Saadeh was Kuwait Airways' agent for the purpose of advising Harby. Without the finding of agency, Kuwait Airways cannot be held liable on this record for Saadeh's negligence.

### III. *Agency*

The trial court stated no basis for its finding that Saadeh and Bilqis were Kuwait Airways' agents. The trial transcript reveals little about the agency relationship between the airline and Saadeh. Defense witness Theresa Clagg, a four-year reservations and ticket agent for Kuwait Airways, testified that both Kuwait Airways and Saadeh were members of the International Air Transport Association—but said little of substance regarding any agency relationship. She stated, however, that Oasis Travel, Saadeh's business, was authorized to sell tickets for Kuwait Airways, and that there was some sort of an agreement between the airline and the travel agency, but that she was not sure what it was. At trial, Harby's counsel attempted to offer into evidence a standard IATA agreement between travel agencies and the IATA as evidence of the agency relationship between Kuwait Airways and Saadeh, but it is not clear whether the court considered the form probative on the crucial agency question.[2]

---

**2.** Most United States travel agencies represent

air carriers by contract through one of two

■ Agency is the fiduciary relationship which results when one person consents that another shall act on his behalf and subject to his control. *Nelson v. Serwold*, 687 F.2d 278, 282 (9th Cir.1982). Control is a crucial element missing from the relationship between Kuwait Airlines and Saadeh. Although the airline benefited from Saadeh's ticket sale to Harby, Harby presented no evidence demonstrating that Kuwait Airways controlled Saadeh. A gratuitous conclusion that the airline is liable for Saadeh's alleged negligence in failing to warn Harby of the need to have a return reservation because of the airline's infrequent flights is without support in the record. Without evidence showing a different relationship, the record merely supports the inference that Saadeh was an independent travel agent selected by Harby. Saadeh acted as a broker in selling tickets for a variety of carriers—not supervised or "controlled" by any one carrier or group of carriers. *See Simpson v. Compagnie Nationale Air France*, 42 Ill.2d 496, 248 N.E.2d 117, 119 (1969). Saadeh might be liable to Harby for Saadeh's own negligence, but the appeal did not present that question.

We distinguish two cases where courts have found an agency relationship between a ticket, or travel, agent and the airlines. *Teitel* is the case the closest on point, as that case involved a ticket agent's failure to warn of conditions and limitations on special fare tickets. In *Teitel*, however, there was no agency issue because the ticket agent was actually employed by the airline, so liability could be based on respondeat superior. *Teitel*, 464 N.Y.S.2d at 951. In *Rappa v. American Airlines, Inc.*, 87 Misc.2d 759, 386 N.Y.S.2d 612, 613 (N.Y.City Civ.Ct.1976), the court based its finding of agency on the actual copy of the ATC Sales Agency Agreement which defendant had attached to its moving papers. In this case, plaintiff failed to offer the actual agreement, or other evidence sufficient to support a finding of agency.

We therefore must disregard the trial court's finding that Saadeh and Bilqis were the airline's agents because the finding is not supported by the evidence. Because Harby failed to prove agency, Kuwait Airways is not liable for Saadeh's negligent acts, nor for the resulting damages, if any.

### IV. *Tariff as Exclusive Remedy*

Kuwait Airways argues that the trial court erred in failing to limit Harby's damages to $163, the amount that would have been the total recoverable under the refund provision of Kuwait Airways' tariffs. A copy of the applicable tariffs was received in evidence without objection. The trial court failed to mention the effect of the tariffs, if any, upon the decision.

■ All air carriers engaged in transportation between the United States and foreign nations must file tariffs with the United States Department of Transportation. 49 U.S.C. § 1373(a). Tariffs set forth the rules, regulations, classifications, fares and practices governing air transportation. *Id., Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1206 n. 2 (9th Cir.1984), *cert. dismissed*, 471 U.S. 1062, 105 S.Ct. 2129, 85 L.Ed.2d 493 (1985). Valid tariffs are conclusive and exclusive as to the rights and liabilities between airlines and their passengers (*Tishman & Lipp, Inc. v. Delta Air Lines*, 413 F.2d 1401, 1403 (2nd. Cir.1969)), even though the passenger may be unaware of the tariff provisions. *Hycel, Inc. v. American Airlines, Inc.*, 328 F.Supp. 190, 193 (S.D.Tex.1971).

■ Interpretation of a tariff generally presents a question of law. *Emery Air Freight Corp. v. United States*, 499 F.2d 1255, 1259, 205 Ct.Cl. 49 (1974). Questions of law are subject to de novo review. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

carrier trade associations: the International Air Transport Association (IATA), and the Airlines Reporting Corporation (ARC). Under the contracts the retail agent agrees to sell tickets on the airline's behalf in return for the airline's payment of commissions to the agents for such sales. 2 A. Anolik, The Law and the Travel Industry, 1–2 (1984).

Harby offers no convincing arguments to counteract Kuwait Airways' contention that the tariff Rule 18(e)(2) provides Harby's exclusive remedy against the carrier. Hence, Harby's remedy against Kuwait was limited to $163, the difference between the round-trip fare and the cost of one-way travel from San Francisco to Yemen (the used portion of his Kuwait Airways ticket) under the applicable tariff.

Because we reverse the trial court's findings of liability as to Kuwait Airways, we vacate the damage award of $4,514. Kuwait Airways is entitled to its costs on appeal, less the $163 due plaintiff under the tariffs for his unused return ticket.

REVERSED.