THE BANK OF WAUKEGAN, as Trustee, *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. THE EPILEPSY FOUNDATION OF AMERICA, Defendant-Appellant and Cross-Appellee.

Second District   Nos. 2—86—0515, 2—86—0842 cons.

Opinion filed December 3, 1987.

Michael J. Cummins, of Waukegan, for appellant.

Paul S. Chervin and Linda E. Spring, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

This case arises from the breach of an office lease. Plaintiffs are the Bank of Waukegan, which holds legal title to the subject property, and W.D.G. Limited, the property's beneficial owner. For simplicity, we will refer to the Bank and W.D.G. in the singular "plaintiff." W.D.G.'s agent, John Simcic, negotiated the lease with Charles Shanhouse, who was then the executive director of the Epilepsy Foundation of America, North Shore/Lake County Chapter, an Illinois not-for-profit corporation (Chapter). The lease was to extend from January 1, 1981, through December 31, 1985. On September 1, 1983, however, the Chapter moved out of the building, claiming that the office was without air conditioning or adequate ventilation and therefore uninhabitable.

Plaintiff filed a breach of contract action against the Chapter in September 1984 to recover the overdue rent and other amounts payable under the terms of the lease. The trial date was postponed several times, to allow the parties to conduct discovery, and again in August 1985, when plaintiff sought leave to file an amended complaint adding a party. The amended complaint, filed on August 2, 1985, named the Epilepsy Foundation of America (Foundation), a Delaware not-for-profit corporation and an affiliate of the Chapter, as the sole defendant. The trial court subsequently postponed trial several more times at the Foundation's request and set March 10, 1986, as the "final, final" trial date. In the meantime, plaintiff filed a second amended complaint, this time naming both the Chapter and the Foundation as defendants, apparently on the alternative theories that either Shanhouse had executed the lease as an agent of the Chapter or the Chapter (through Shanhouse) had executed the lease as an agent for the Foundation. It is the Foundation's position that Shanhouse did not execute the lease on its behalf and that neither Shanhouse nor the Chapter had authority to act for it.

On March 10, 1986, the scheduled trial date, the Foundation filed motions for a continuance and for summary judgment. The court granted a continuance over plaintiff's objection, scheduled arguments on the Foundation's summary judgment motion, and, *sua sponte*, ordered the Foundation to pay plaintiff $400 in attorney fees as "costs." It denied the Foundation's subsequent motion for reconsideration of the award.

In May 1986, after hearing arguments on the issue, the court

granted the Foundation's motion for summary judgment. On August 13, 1986, it denied the Foundation's subsequent petition for attorney fees pursuant to section 2—611 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, sec. 2—611.) The Foundation filed separate appeals from the March 10, 1986, order awarding attorney fees to plaintiff and the August 13, 1986, order denying the Foundation's petition for fees. Those appeals have been consolidated here. Plaintiff has cross-appealed the court's entry of summary judgment for the Foundation. The Chapter has settled with plaintiff and is not a party to this appeal.

## I

■ We will first address plaintiff's contention that the court erred in entering summary judgment for the Foundation. Plaintiff argues that, by failing to file an answer prior to filing its summary judgment motion, the Foundation has admitted all well-pleaded facts contained in the complaint, including plaintiff's allegation that the Foundation executed the lease. Illinois law, however, permits a defendant to file a motion for summary judgment at any time (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(b)), even before filing an answer. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 308-09; *Metropolitan Sanitary District v. Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 838-39.) And by filing a summary judgment motion before filing an answer, a defendant does not admit *all* well-pleaded facts contained in the complaint, but only those facts which it leaves *uncontradicted*. (*Metropolitan Sanitary District*, 7 Ill. App. 3d at 838-39, citing *Moore v. Pinkert* (1960), 28 Ill. App. 2d 320, 324-25.) Without detailing here the allegations of the complaint and of the motion, we note that every factual allegation of consequence contained in plaintiff's complaint has been contradicted specifically or in substance in the Foundation's motion and the depositions attached to it as exhibits.

■ Plaintiff next contends that there remain genuine issues of material fact which should have precluded the entry of summary judgment. The Foundation attached to its motion the deposition testimony of John Simcic, Charles Shanhouse and Margery Ashley, who had replaced Shanhouse as executive director of the Chapter during the lease term. In opposition to the motion, plaintiff relied on Simcic's deposition, the lease itself (which was attached to the complaint), and the affiliation agreement between the Foundation and the Chapter, portions of which were attached to plaintiff's response to the Foundation's motion. Plaintiff argues that those documents establish as fact or raise genuine issues with regard to the following: (1) Shanhouse

signed a rider to the lease on a signature line designating him as the executive director of the "EPILEPSY FOUNDATION OF AMERICA"; (2) the Foundation, through the affiliation agreement, required the Chapter to use that designation; (3) Shanhouse told Simcic that he needed approval for the lease from the "home office"; (4) when negotiating the lease, Simcic met with Shanhouse and two other men that Shanhouse introduced as being from the "home office"; and (5) the Foundation accepted the benefits of having a local office in plaintiff's building.

Plaintiff argues that the Chapter had actual or apparent authority to bind the Foundation on the lease, and that the Foundation subsequently ratified the lease. To state a cause of action based on an agency relationship, a plaintiff must allege facts showing that one person acted for another "under circumstances that imply knowledge on the part of the alleged principal of such acts." (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 880.) A principal is liable for those acts of its agent which the agent has actual or apparent authority to perform. (*Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132.) The Foundation submitted the deposition testimony of Charles Shanhouse, who executed the lease, in which Shanhouse stated that his authority as executive director of the Chapter came only from the board of directors of the Chapter itself, that he executed the lease on behalf of the Chapter, and that the rent was always paid by the Chapter. He stated that he had never been employed by the Foundation and that he did not need, request, or receive approval or authorization from the Foundation to execute the lease. The Foundation also submitted Margery Ashley's deposition, in which she stated that the Foundation and Chapter are separate and autonomous organizations and that the Chapter has exclusive control over its own financial decisions. The depositions therefore indicate that Shanhouse had actual authority to bind only the Chapter.

■■ ■ Where a movant for summary judgment supplies facts which, if uncontradicted, would entitle that party to judgment as a matter of law, the nonmovant cannot rely on its pleadings to raise genuine issues of material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380.) Plaintiff, however, submitted only portions of the affiliation agreement to contradict the allegations made in the depositions. The agreement establishes only that the two corporations were affiliated. It does not purport to confer authority on the Chapter to execute contracts for the Foundation, and the degree of control it purports to give the Foundation over the operations of the Chapter are far less than that found insufficient to establish an agency relationship

in *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 727. (See also *Salisbury v. Chapman Realty* (1984), 124 Ill. App. 3d 1057, 1061-62 (finding plaintiff's reliance on a franchise agreement containing similar language insufficient to overcome defendant-franchisor's motion to dismiss the complaint).) Plaintiff has therefore failed to establish a genuine issue of fact regarding the Chapter's actual authority to bind the Foundation.

   ▮▮ Plaintiff's contention that the Chapter and Shanhouse had apparent authority to bind the Foundation must also fail. Apparent authority arises where the principal, through words or conduct, creates the impression that the agent has the authority to perform the act in question. (See *Mateyka v. Schroeder* (1987), 152 Ill. App. 3d 854, 863.) Apparent authority must therefore be traced to some word or act of the alleged principal. (See *Lundberg v. Church Farm, Inc.* (1986), 151 Ill. App. 3d 452, 461; *Hofner*, 140 Ill. App. 3d at 881.) In his deposition, Simcic admitted that he had no direct contact with the Foundation regarding Shanhouse or the lease. Simcic stated that he believed Shanhouse was acting for the Foundation because: (1) Shanhouse told him he represented the Foundation; (2) Shanhouse told him "the home office" had to approve the lease terms; and (3) Shanhouse told him that two men who accompanied him on one occasion were from the "home office." In addition, Simcic relied on the fact that Shanhouse signed the lease as executive director of the Foundation, although he admitted that Shanhouse gave him a business card indicating that he was executive director of the Chapter.

   ▮▮ A court must liberally construe the pleadings, the depositions, admissions, and affidavits in favor of the opponent to a motion for summary judgment (see *In re Estate of Whittington* (1985), 107 Ill. 2d 169, 177) and draw all reasonable inferences from the evidence in opponent's favor. (*Frazier v. Smith & Wesson* (1986), 140 Ill. App. 3d 963, 967.) Even if we assume that Shanhouse (and the two unidentified visitors) made the representations Simcic claims were made, these were representations made by the agent, not the alleged principal. There are no factual allegations in the record from which we may reasonably infer that the Foundation held Shanhouse or the Chapter out as its agents. The fact that the Foundation required the Chapter to use the Foundation's name is also of no consequence, as that requirement is made in conjunction with the requirement that the Chapter indicate its *affiliation* with the Foundation. Plaintiff has not alleged, nor can we reasonably infer from the agreement, that the Foundation required or permitted the Chapter to use its name without indicating its affiliation as well. The agreement cannot support a claim of apparent au-

thority in any event, as Simcic admitted he did not request or review any documentation from the Foundation or the Chapter with regard to Shanhouse's authority to execute the lease. The terms of the agreement therefore cannot have been relied upon by Simcic in executing the lease. *Crawford Savings & Loan Association v. Dvorak* (1976), 40 Ill. App. 3d 288, 293; *Karetzkis v. Cosmopolitan National Bank* (1962), 37 Ill. App. 2d 484, 489-90.

■ We must also conclude that the Foundation did not ratify the lease. In order to effectively ratify an unauthorized act by its agent, a principal must have "full knowledge of the facts and the choice of either accepting or rejecting the benefits of the transaction." (*Reavy Grady & Crouch Realtors v. Hall* (1982), 110 Ill. App. 3d 325, 328.) Margery Ashley testified that the Chapter had exclusive control over its own finances, and that the Foundation had no control over the Chapter's operations and no authority to approve its leases. It is clear that, even if we infer from the record that the Foundation was aware that the Chapter had opened a new office, and that it must have leased space to do so, there is no evidence from which we might infer that it knew the terms of the lease or that it had the authority to reject the lease and any indirect benefits the lease may have conferred upon it. Plaintiff's reliance on *Alterman v. Lydick* (7th Cir. 1957), 241 F.2d 50, is wholly misplaced. The principal in *Alterman* expressly reassured the third party that its agent was competent and affirmatively sought payment on the contract. 241 F.2d at 52.

■ While we agree with plaintiff that the existence or extent of an agency relationship is ordinarily a question of fact for the jury (see, *e.g., Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 25), where the evidence is not in dispute, they become questions of law. (*Pinsker v. Kansas State Bank* (1986), 142 Ill. App. 3d 216, 220; *Wargel v. First National Bank* (1984), 121 Ill. App. 3d 730, 736.) Drawing every inference from the evidence in favor of plaintiff, there are simply no facts from which a jury could conclude that the Foundation held Shanhouse or the Chapter out as its agents, or that the Foundation ratified or was even aware of the lease. We additionally reject plaintiff's assertions that the Chapter was the mere instrumentality of the Foundation. Plaintiff raised the argument for the first time in its reply brief, and we must therefore consider it waived. (See Supreme Court Rule 341 (107 Ill. 2d R. 341(e)(7)); *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 393.) Summary judgment was properly entered for the Foundation.

## II

■ We next address the Foundation's contentions that the court

erred in awarding attorney fees to plaintiff and in refusing to award fees to the Foundation. We have not considered the arguments raised in plaintiff's reply brief on these issues, as plaintiff is an appellee with regard to them and therefore not entitled to a reply.

The trial court, *sua sponte*, awarded attorney fees to plaintiff as "costs" when the Foundation requested a continuance on the date the court had set as the "final, final" trial date. The rule is well established in Illinois that a party may not recover attorney fees or the costs of litigation absent a contractual agreement to pay fees or a statute authorizing their recovery. (See, *e.g.*, *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 166; *Ritter v. Ritter* (1943), 381 Ill. 549, 553; *Meier v. Aetna Life & Casualty Standard Fire Insurance Co.* (1986), 149 Ill. App. 3d 932, 942.) And while Supreme Court Rule 231(g) (107 Ill. 2d R. 231(g)) permits a court to condition a continuance on the movant's agreement to pay the opposing party's costs, the rule does not provide for a condition based on the payment of attorney fees. 107 Ill. 2d R. 231; *cf. Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18 (holding that a court is not authorized to assess attorney fees against a party for failure to appear on a hearing date).

Plaintiff asserts, however, that the court did not award the fees as costs or damages, but as a sanction against the Foundation for what plaintiff characterizes as the Foundation's "dilatory and abusive behavior." Plaintiff cites *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.* (1974), 417 U.S. 116, 40 L. Ed. 2d 703, 94 S. Ct. 2157, as authority for its contention that the trial court had the inherent power to impose attorney fees as sanctions against a party acting vexatiously. We cannot agree.

The United States Supreme Court held in *F. D. Rich* that a *Federal* court may award attorney fees "to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (*F. D. Rich*, 417 U.S. at 129, 40 L. Ed. 2d at 714, 94 S. Ct. at 2165.) However, we know of no decision extending that rule to Illinois courts (notwithstanding *dicta* by the *Hallmark* court indicating that in an appropriate case it might do so (*Hallmark Personnel*, 82 Ill. App. 3d at 25)). And in *Chicago Regional Port District v. Ferroslag, Inc.* (N.D. Ill. 1982), 531 F. Supp. 401, a Federal court, sitting in diversity jurisdiction and applying Illinois law, expressly refused to do so, concluding that the *F. D. Rich* rule applied only to Federal courts. (531 F. Supp. at 402; see also *Kadlec v. Department of Public Aid* (1987), 155 Ill. App. 3d 384, 390 (stating that Illinois courts have no general equitable power to award attorney fees against a party whose careless-

ness needlessly burdens his opponent).) We additionally note that, even if we were to adopt the rule stated in *F. D. Rich*, it would not authorize an award for plaintiff here, as it permits a court to award attorney fees only to a "successful party." (*F. D. Rich*, 417 U.S. at 129-30, 40 L. Ed. 2d at 714, 94 S. Ct. at 2165.) The Foundation was the successful party below. We therefore reverse the trial court's award of attorney fees to plaintiff as the court was without authority to enter the award.

The Foundation also contends that the trial court erred in denying its petition for fees. Section 2—611 of the Illinois Code of Civil Procedure permits a court to tax attorney fees against any party pleading untrue statements without reasonable cause. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) The petitioning party must demonstrate that the pleadings were untrue and that they were made without reasonable cause. (See, *e.g.*, *Embassy/Main Auto Leasing Co. v. C.A.R. Leasing, Inc.* (1987), 155 Ill. App. 3d 427, 434.) The section is penal in nature and must be strictly construed, and the decision to award or deny fees under it lies in the trial court's sound discretion. (155 Ill. App. 3d at 434; *Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.* (1980), 89 Ill. App. 3d 647, 651.) The trial court's decision carries great weight and will be reversed on appeal only on a clear showing that it resulted from an abuse of discretion. (*Embassy/Main Auto Leasing*, 155 Ill. App. 3d at 434; *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 16.) We cannot conclude that such an abuse occurred here.

Even a cursory review of the Shanhouse and Ashley depositions must result in the conclusion that Shanhouse did not execute the lease for or on behalf of the Foundation. Nevertheless, a number of cases have found a parent or affiliated corporation liable for the contracts of its subsidiary or affiliate based on legal theories ranging from agency, as alleged here, to the subsidiary's being the alter ego of its parent. (See, *e.g.*, the cases collected in Annot., 38 A.L.R.3d 1102 (1971).) While summary judgment was clearly appropriate under the circumstances presented here, we cannot conclude that plaintiff filed suit against the Foundation without reasonable cause. We find no abuse of discretion in the trial court's refusal to award attorney fees to the Foundation.

We therefore reverse the trial court's judgment awarding plaintiff $400 in attorney fees and affirm its judgment in all other respects.

Affirmed in part and reversed in part.

REINHARD and DUNN, JJ., concur.