BONNIE McCARTHY *et al.*, Plaintiffs-Appellants, v. CAREFREE VACATIONS, INC., *et al.*, Defendants-Appellees.

Second District   Nos. 2—87—0528, 2—87—0632 cons.

Opinion filed June 21, 1988.

Maureen H. Flaherty, of Lehrer, Flaherty & Canavan, of Wheaton, for appellants.

No brief filed for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Bonnie and John McCarthy, appeal from a directed verdict entered in favor of defendant Carefree Vacations, Inc., at the

close of plaintiffs' case, contending that sufficient evidence was offered relating to the factual issue of whether Carefree was plaintiffs' agent and owed them a fiduciary duty of care and honesty to submit the case to the jury for determination.

This action arose after plaintiffs purchased a Carefree tour package for a trip to Jamaica through defendant Discount World Travel for $1,318; plaintiffs went on the tour, but were not permitted to return on the plane chartered by Carefree when Discount failed to remit plaintiffs' payment to Carefree. The case went to jury trial against this defendant on counts V and VI of plaintiffs' second amended complaint. In count V, plaintiffs apparently sought recovery of damages on a theory that Carefree breached a fiduciary duty to them as plaintiffs' agent, and in count VI they sought damages against Carefree for alleged violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*). In directing a verdict for defendant Carefree, the trial court stated that it found no evidence to support a fiduciary relationship with Carefree as to counts V and VI of the complaint.

■ Defendant Carefree has not filed a responsive brief in this court to assist our analysis of the claimed error. While a reviewing court is not required in such cases to serve as an advocate for the appellee, or search the record for the purpose of sustaining the judgment of the trial court, it must decide the merits of an appeal where the record is simple and the issues are capable of easy resolution. In other cases, we may reverse the trial court if "the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record." (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.) The 507-page record of this case is not simple and is supplemented with 451 pages of reports of proceedings and 32 exhibits. The legal and factual issues relating to the relationships between a travel agent, such as Discount; a company which arranges tours, such as defendant Carefree; and, consumers who deal with both to purchase a vacation trip has not been extensively litigated in Illinois. In addition, in this case plaintiffs' second amended complaint, upon which these issues were tried and a directed verdict for defendant entered, is not found in the record and was not before the trial court when it considered defendants' motion for a directed verdict at the close of plaintiffs' evidence. At that time, the judge noted that the clerk had been unable to find that complaint in the file. Counsel for plaintiffs stated she thought it should be there, and counsel for defendant suggested the complaint was similar to that in a consolidated case brought by

other plaintiffs against this defendant and tried together, to which the trial court may have referred. The consolidated case, however, has not been appealed, and we do not have its complaint for reference. We note that defendant answered and did not seek dismissal of plaintiffs' second amended complaint for failure to state a cause of action, and we will presume that the complaint does state a proper cause of action. Nevertheless, the inherent difficulties and uncertainties which exist where a trial court passes on a motion for directed verdict in absence of the complaint, and review of its decision, are apparent.

■ We consider this appeal under the *Talandis* standard that if appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record, the judgment of the trial court may be reversed.

■ ■ Directed verdicts should be granted only when the evidence, viewed in a light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict could stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) It is for the trier of fact to determine the facts and inferences to be drawn therefrom. (*Mesick v. Johnson* (1986), 141 Ill. App. 3d 195, 205, 490 N.E.2d 20.) Whether an agency relationship exists is a question of fact for the jury unless the relationship is so clear as to be indisputable. *Perkinson v. Manion* (1987), 163 Ill. App. 3d 262, 266, 516 N.E.2d 977.

■ Plaintiffs contend in their brief that the essential fact issue is whether Carefree was their agent, or travel agent, so as to raise a fiduciary duty to them, and whether Discount acted as agent for Carefree in receiving plaintiffs' payment for the tour and in securing plaintiffs' signature on a Carefree tour contract. Plaintiffs argue that evidence was presented showing that Discount was the agent of both Carefree and plaintiffs in the transaction and, as such, acted as Carefree's agent in the sale of the aborted tour to plaintiffs.

Evidence was presented in trial that plaintiff John McCarthy had seen advertisements for Carefree Vacations, Inc., tours in a newspaper in which Discount was listed as an authorized Carefree travel agent. Plaintiffs obtained several vacation trip pamphlets from Discount, including Carefree's brochure, and they chose, and paid Discount for, the Jamaican tour offered by Carefree. Mrs. McCarthy testified that she believed she had signed Carefree's tour contract at Discount's office, but she had not been given a copy of it.

On March 24, 1984, the plaintiffs arrived at O'Hare Airport, where a Carefree representative gave them a packet which contained round trip airline tickets to Jamaica, vouchers for ground transporta-

tion and hotel, and a letter from Carefree thanking plaintiffs for "selecting Carefree Vacations, Inc. as your tour company." The letter was on defendant's stationery, bore the insignia of American Society of Travel Agents (ASTA), and declared defendant was a member of ASTA. Plaintiffs' were not informed at this time that Carefree had not received payment for their trip from Discount. At the conclusion of their vacation, plaintiffs returned to the Montego Bay Airport in Jamaica, where Carefree's representatives informed them that Discount had not paid defendant for their trip and that they could not board the chartered airplane unless they paid defendant, in cash or by travelers checks, for the trip; a credit card was not acceptable. Plaintiffs returned to Chicago on another airline.

Plaintiffs called Terry O'Connor, vice-president of Carefree Vacations, Inc., as an adverse witness, and he testified that defendant packages tours, arranging ground transportation and hotel, and chartering planes. All documentation to their clients is issued by Carefree. O'Connor stated that Carefree advertises its tours in the newspapers and acknowledged that plaintiffs' exhibit, showing Carefree's advertisement listing authorized CVI travel agents, was their ad and that Discount was so listed thereon. He testified that defendant had been having difficulty obtaining payment from Discount for trips it booked, and required Discount to sign a guarantee policy before Carefree would continue their business relationship. O'Connor identified Carefree's reservation form which indicated that Discount had obtained a Carefree tour contract from plaintiffs. Under questioning by defendants' and plaintiffs' counsel, O'Connor read the following provisions from a representative, unsigned tour contract:

> "Carefree Vacations, Inc., hereinafter referred to as CVI, 620 West Belmont, Chicago, Illinois, the charter operator, is the principal and is responsible to the participants for all services and accommodations offered in connection with this tour.
>
> \* \* \*
>
> Any agent submitting a payment for a tour without providing CVI with a signed tour contract is responsible to the tour participant for the terms of this contract."

He testified that plaintiffs were participants within the meaning of the above provision. The unsigned tour contract was marked for identification, but was not admitted in evidence when defendant objected.

Timothy O'Connor, a Carefree employee, also called as an adverse witness, testified that defendant sells package tours through travel agents using newspaper advertisements to reach the general public, and that the advertisements contain names of travel agents who coop-

erate in the advertising with defendant. He testified that the general public could purchase defendant's tour packages only through travel agents, who received a commission for selling a Carefree tour. O'Connor stated that when a travel agent requests a tour, Carefree would arrange for hotels, and air and ground transportation, and would issue tickets in the customer's name. Carefree requires the travel agent to obtain a tour contract from the customer, and O'Connor testified that Carefree's reservation form indicated that Discount had obtained a Carefree tour contract from plaintiffs.

Plaintiffs also called Leo Sharp, a Carefree partner, as an adverse witness, who testified that defendant had a continuous relationship with Discount for several months prior to plaintiffs' dealings with Discount. He stated that defendant advertises its tours in the newspaper listing agents customers can contact.

We conclude on these facts that the trial court erred in directing a verdict for defendant at the close of plaintiffs' case.

■ It was not disputed that Discount was acting as a broker/special agent in this transaction, but the question remains, for whom did it act? A broker is, in a sense, an agent but unlike an agent a broker has no fixed and permanent relation to any principal, holding himself out for employment by the public generally, his employment being that of a special agent for a single object. The relationship between a principal and agent is fixed and permanent, and the agent owes his principal a permanent and continued allegiance. (*Simpson v. Compagnie Nationale Air France* (1969), 42 Ill. 2d 496, 498, 248 N.E.2d 117.) In the present case, it is clear that plaintiffs employed Discount as their special agent for the purpose of arranging a vacation tour. (*Cf. Rosen v. DePorter-Butterworth Tours, Inc.* (1978), 62 Ill. App. 3d 762, 765, 379 N.E.2d 407, *appeal denied* (1978), 71 Ill. 2d 615.) Discount undoubtedly rendered some services only to plaintiffs, such as advising them on other vacation packages available, but there is evidence under which Discount could also be viewed as an agent of Carefree. (See *Simpson v. Compagnie Nationale Air France* (1969), 42 Ill. 2d 496, 500, 248 N.E.2d 117.) Although a broker is generally the agent of the person who initially employs him, he can, with knowledge and consent, be the agent of both parties. (*Simpson*, 42 Ill. 2d at 500.) Here, it is clear that both Carefree and plaintiffs were aware of, and consented to, the relationships between Discount and each of them. We conclude that, when viewed in the light most favorable to plaintiffs, a jury could find from the evidence that Discount was acting as Carefree's agent in the transaction with plaintiffs.

Illinois also recognizes both apparent agency (see *Simpson v.*

*Compagnie Nationale Air France* (1969), 42 Ill. 2d 496, 500, 248 N.E.2d 117; *Bank of Waukegan v. Epilepsy Foundation of America* (1987), 163 Ill. App. 3d 901, 907, 516 N.E.2d 1337) and agency by estoppel (*Salisbury v. Chapman Realty* (1984), 124 Ill. App. 3d 1057, 1062, 465 N.E.2d 127, *appeal denied* (1984), 101 Ill. 2d 577). Both require one party to hold out another as its agent. (124 Ill. App. 3d at 1062.) Here, there is evidence that Carefree placed vacation package advertisements in the newspaper which directed the reader to "See Your Authorized CVI Travel Agent Listed Below," and numerous travel agencies were listed in the ad, including Discount World Travel. There was testimony that defendant does not sell its vacation packages directly to the public, but only through its agents, and such evidence supports an inference that Discount was Carefree's agent for the purpose of executing contracts for the sale of defendant's tour packages and collection of the cost thereof for Carefree.

As we find that plaintiffs' brief demonstrates that the trial court erred in directing a verdict for defendant, and is supported by the record, the judgment of the circuit court will be reversed and the cause remanded for a new trial.

Reversed and remanded.

INGLIS and REINHARD, JJ., concur.