**Mathlyn H. MILLER, Plaintiff,**

v.

**AIR NEW ZEALAND, LTD., a Foreign Corporation, United Air Lines, Royal Cruise Lines, a Foreign Corporation, and Rex Travel Organization, Inc., an Illinois Corporation, Defendants.**

**No. 88 C 10437.**

United States District Court, N.D. Illinois, E.D.

Sept. 10, 1990.

Patrick W. Dunne, Nolan, O'Malley and Dunne, Chicago, Ill., for plaintiff.

Hugh G. McBreen, McBreen & McBreen, James O. Nolan, Katharine G. Hill, Clausen, Miller, Gorman, Caffey & Wiotus, Robert J. Lepri, Daniel J. Fumagalli, Trizna & Lepri, David W. Ott, Gurion & Lewis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

The defendants, with the exception of one of them, Rex Travel Organization, Inc., each have filed motions for summary judgement which are now before the court for ruling. The moving defendants are Air New Zealand, Ltd., United Air Lines, and Royal Cruise Lines. The plaintiff complains of delays and difficulties she experienced while attempting to embark on a vacation cruise in the South Pacific. The trip began with a flight from Chicago to Los Angeles and then, had the trip been completed, to Auckland, New Zealand where the actual cruise was to begin. As alleged in the complaint, the plaintiff never got past Los Angeles and she attributes this to the negligence of the defendants for which she now seeks damages.

After reviewing all of the evidence submitted by both parties the court finds the following facts to be undisputed. The plaintiff arranged with the defendant Rex Travel Organization, Inc. a tour of the South Pacific which included air transportation on United Air Lines from Chicago to Los Angeles and return. It also included air fare from Los Angeles to Auckland, New Zealand by the defendant Air New Zealand (ANZ) and return. The cruise on Royal Cruise Lines' ship was to begin in Auckland and was also included in the tour. The plaintiff had originally arranged to travel on November 8, 1986 from Chicago to Auckland with a stop in Los Angeles. United Air Lines was to be the sole carrier on November 8, 1986. The plaintiff did not even make it out of Chicago on November 8. The United Air Lines flight she was to board was approximately three hours late so she returned home instead of waiting for it and continuing on with her trip.

The plaintiff then made new arrangements with Rex Travel to fly to Los Angeles from Chicago on November 10, 1986 on United Air Lines, and from Los Angeles to Auckland on ANZ, in order to start her cruise from Auckland. The plaintiff flew from Chicago to Los Angeles on United Air Lines on November 10, 1986 without incident. Once at the Los Angeles airport, a United Air Lines skycap escorted the plaintiff by wheelchair to the ANZ ticket counter. The plaintiff presented the ticket she had booked for November 8, 1986—which ticket showed United Air Lines as the sole carrier from Chicago to Auckland—to the agent at the ANZ ticket counter instead of showing any documentation that ANZ was now to be her carrier to Auckland pursuant to the changes made in her travel plans for November 10, 1986. According to ANZ's ticket agent, when asked if she was flying on United or ANZ, the plaintiff responded that she was disoriented and should be on United Air Lines. The ticket agent then explained to her that an endorsement from United Air Lines would be necessary if she wanted to fly on ANZ. Again, according to

the agent, she responded that maybe she should be on her way back to Chicago rather than taking the trip to Auckland. ANZ credited plaintiff's Mastercard account in the amount of $1,035.00 for the unused ticket to Auckland.

The complaint is limited to those events occurring on November 10, 1986. On that day it is alleged that the defendants:

a) Sold more seats than were available for sale on its aircraft;

b) Failed to make reservations on connecting aircraft, though representing that said reservations had been made;

c) Ignored reservations heretofore made on its aircraft though it had confirmed said reservations;

d) Represented to plaintiff that plaintiff had space aboard defendant's aircraft when such space was not available;

e) Was otherwise guilty of negligence and careless conduct.

Plaintiff's Complaint at paragraph 8.

 It is clear from the undisputed facts set out above that the moving defendants should be granted their motions for summary judgement. United Air Lines fulfilled all of its obligations on November 10, 1986, by having delivered the plaintiff to Los Angeles. In addition, United Air Lines would have fulfilled its obligations on November 8, 1986 had the plaintiff merely waited for the late arrival of her plane instead of returning home. It is also clear that Royal Cruise Lines had nothing to do with the making of arrangements for the plaintiff's trip with relation to the flights that would have delivered her to Auckland, the departure point for the cruise. For these reasons summary judgement is granted as to United Air Lines and Royal Cruise Lines.

With regards to ANZ, it is clear that the plaintiff never presented a valid ticket to the ANZ ticket counter agent. This is required pursuant to ANZ's Passenger Rules Tariff No. IPR–2, Rule 65(A)(3), in effect at the time of the incident in question. It is well established that a valid tariff conclusively determines the rights and liabilities of an airline and its passengers. *Harby v. Saadeh*, 816 F.2d 436, 439 (9th Cir.1987); *North Am. Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233 (2d Cir.1978); *Tishman & Lipp, Inc. v. Delta Airlines*, 413 F.2d 1401, 1403 (2d Cir.1978). The undisputed evidence establishes that the plaintiff failed to present a valid ticket for transportation and is therefore barred from recovery from the defendant Air New Zealand. Summary judgement must therefore be granted as to Air New Zealand.

There is no genuine issue for trial because the plaintiff has not provided sufficient evidence to warrant one. The defendants' motions for summary judgement must be granted. It is so ordered.