107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammad A. KHAN, Plaintiff-Appellant,
v.
SINGAPORE AIRLINES, LTD., Defendant-Appellee.
 No. 95-17251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided Feb. 19, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mohammad A. Khan ("Khan") appeals from the district court's grant of summary judgment in favor of Singapore Airlines, Ltd. on his claim for lost baggage and consequential damages. Khan argues that Singapore's Tariff Rule 55(D)(1) requiring written notice of lost baggage conflicts with the Warsaw Convention, resulting in the invalidity of that Tariff Rule. We affirm.
 
 
 3
 Claims against an airline for lost baggage in connection with an international flight are governed by the Warsaw Convention (the "Convention"), an international treaty. 49 Stat. 3000 et seq. (1934), codified at 49 U.S.C. § 1502. Foreign air carriers are also required to file tariffs with the Department of Transportation ("DOT"). 49 U.S.C. § 1373(a). If approved by the DOT, the terms of the tariff become part of the contract between the passenger and carrier even if the passenger is not aware of the terms. Harby v. Saadeh, 816 F.2d 436, 439 (9th Cir.1987).
 
 
 4
 Singapore Airlines' Tariff Rule 55(D)(1) provides:
 
 
 5
 No action shall lie in the case of damage to baggage unless the person entitled to delivery complains to the carrier forthwith after the discovery of the damage, and the latest, within seven days of the day of receipt; and in the case of delay, or loss, complaint must be made at the latest within 21 days from the date on which the baggage had been placed at his disposal (in the case of delay), or should have been placed at his disposal (in the case of loss). Every complaint must be made in writing and dispatched within the time aforesaid.
 
 
 6
 (Emphasis added.)
 
 
 7
 The Convention, however, provides that air carrier tariffs cannot conflict with the terms of the Convention nor reduce the liability imposed. Tariffs may, however, supplement issues not covered by the Convention: "Nothing contained in this convention shall prevent the carrier ... from making regulations which do not conflict with the provisions of this convention." Article 33.
 
 
 8
 Khan argues that Article 18 of the Convention, when taken in conjunction with Article 26(2), prohibits a tariff requirement of written notice for claims of lost luggage, and thus violates Article 33.
 
 
 9
 Article 18(1) of the Convention provides in relevant part: "The carrier shall be liable for damage sustained in the event of the destruction or loss of, or damage to, any checked baggage[.]"
 
 Article 26(2) provides:
 
 10
 In case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and, at the latest, within 3 days from the date of receipt in the case of baggage and 7 days from the receipt in the case of goods. In the case of delay, the complaint must be made at the latest within 14 days from the date on which the baggage or goods have been placed at his disposal.
 
 
 11
 (Emphasis added.)
 
 
 12
 Khan, relying on Stud v. Trans International Airlines, 727 F.2d 880, 883 (9th Cir.1984), contends that Article 26(2) is not merely silent as to a notice requirement for loss but, as he puts it, "embodies a positive 'policy underlying Article 26(2) ... not to require notice of complaint for destroyed' or lost goods or luggage."
 
 
 13
 We disagree. Stud, in fact, supports the appropriateness of notice in such instances. In Stud, a horse owner brought an action against the air carrier for the death of his horse. Ten days after shipment on the airline, Plaintiff Stud's horse died. Upon arrival, there was no noticeable injury to the animal. Ten days later, however, the horse died. The final autopsy report completed months later revealed that the horse probably died from stress due to temperature fluctuations during flight.
 
 
 14
 The district court ruled in favor of the air carrier concluding that the Convention barred Stud's claim because he did not provide the air carrier with timely written notice of the damage. On appeal, Stud attempted to argue that because the horse had been destroyed, no notice was required. We noted that Article 26(2) "makes notice of complaint a prerequisite to recovery only '[i]n case of damage.' " 727 F.2d at 882.
 
 
 15
 Commenting on the absence of a notice requirement in the Convention concerning lost or destroyed baggage we observed:
 
 
 16
 This position has merit in appropriate circumstances.... The policy underlying Article 26(2) persuades us that the condition of the goods at the time they leave the carrier's hands should determine whether notice of complaint is a prerequisite to recovery. It is reasonable to interpret Article 26(2) not to require notice of complaint for destroyed goods because the very fact of destruction gives the carrier actual notice that a claim may be forthcoming. When the carrier opens the cargo bay at the end of a flight and discovers that an animal shipped live is now dead, the carrier knows that an injury has occurred for which it may be held liable.
 
 
 17
 Id. Because the horse in Stud left the hands of the air carrier with no damage discernible to the air carrier, we held that the owner was required to provide written notice of damage to the air carrier according to the terms of the Convention.
 
 
 18
 Contrary to Khan's assertion, our reasoning in Stud supports the conclusion that Article 26(2) does not prohibit an airline tariff requiring written notice of lost baggage. Just as damage to baggage may go unnoticed by a carrier until notice is given, so too a carrier will generally be unaware that a bag has been lost until the owner notifies the airline. This reasoning is supported by the fact that Article 26(2) requires written notice in case of baggage delay. In many respects a lost bag is similar to a bag which is indefinitely delayed. This is reflected in Tariff Rule 55(D)(1)'s similar treatment of loss and delay.
 
 
 19
 In view of our holding in Stud, we see no merit in Khan's contention that Article 26(2) or any other article of the Convention embodies an affirmative policy against written notice in the case of loss. Although the Convention does not require notice in the case of loss, it does not prevent an air carrier from imposing such a tariff. Rule 55(D)(1) is not contrary to any provision of the Warsaw Convention but is a valid gap filling provision, approved by the DOT and contractually binding on ticketed passengers.
 
 
 20
 The district court did not err in granting summary judgment in favor of Singapore Airlines. Because we affirm the district court's grant of summary judgment, we need not reach any other issue raised on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3