**Shams MOUZON, Plaintiff—Appellant,**

v.

**ALASKA AIRLINES, INC.,; et al., Defendants—Appellees.**

No. 00–55516.

D.C. No. CV–99–07864–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM **

Shams Mouzon, a 93–year old woman, appeals pro se the district court's judgment in favor of Alaska Airlines, Inc. and Aeroflot Russian International Airlines, in

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2). Accordingly, Mouzon's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

her action pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601. Mouzon alleged that defendants abandoned her during a lay-over at San Francisco International Airport ("SFO"), thereby forcing her to spend two nights in the airport without food, water or other care. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's findings of fact from a bench trial, *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 576 (9th Cir.1995), and its conclusions of law de novo, *Howard v. Crystal Cruises, Inc.*, 41 F.3d 527, 529 (9th Cir. 1994). We affirm.

The district court's conclusion that Mouzon was contributorily negligent for the problems she suffered while waiting for her son at SFO is not clearly erroneous. *See Exxon*, 54 F.3d at 576. Therefore, the district court properly concluded that the negligence cause of action was barred by the terms of Aeroflot's International Passenger Rules Tariff. *See Harby v. Saadeh*, 816 F.2d 436, 439 (9th Cir.1987).

We are unpersuaded by Mouzon's remaining legal arguments.

AFFIRMED.