THE ILLINOIS POWER COMPANY, Appellant, *vs.* GOTTLIEB WIELAND *et al.* Appellees.

*Opinion filed February 16, 1927.*

1. EMINENT DOMAIN—*damage to trees from construction of a power line may be considered.* In estimating damages to property owners from the construction of a power transmission line along a public highway, injuries necessarily and actually inflicted upon trees may be considered by the jury, but they have no right to take into consideration any damages which are merely speculative and which are remotely contingent.

2. SAME—*what, only, may be considered as damage to property not taken.* To entitle a claimant in a condemnation proceeding to compensation for damages to land not taken, he must prove by competent evidence that there has been some direct physical disturbance of a right, either public or private, which he enjoys in connection with his property causing him special damage in excess of that sustained by the public generally; and the damage must be direct and proximate, and not merely such as is possible or may be conceived by the imagination or such as affects merely the feelings of the property owner.

3. SAME—*damages cannot be allowed for alleged unsightliness of poles.* In a proceeding to condemn a right of way along a highway for an electric power and light line, damages cannot be allowed the adjoining property owners for alleged unsightliness of the poles. (*Board of Trade Tel. Co.* v. *Darst,* 192 Ill. 47, criticised.)

4. SAME—*when testimony as to the amount of damage has no value.* Testimony of the amount of damage has no value as evidence in a condemnation proceeding where it is not based on a proper element of damage.

APPEAL from the County Court of Sangamon county; the Hon. ORAMEL B. IRWIN, Judge, presiding.

WILLIAM L. PATTON, WALTER McC. ALLEN, and HENRY A. CONVERSE, for appellant.

B. L. CATRON, and HARLINGTON WOOD, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, a public service corporation, having first obtained from the Illinois Commerce Commission a certificate of convenience and necessity for the construction of a rural electric transmission line, filed its petition in the county court of Sangamon county against appellees to acquire by condemnation a right of way for the construction of such line for the conveyance of electric energy for light and power purposes, for local tap-service, over portions of the premises of the several appellees heretofore devoted to highway purposes, by placing poles upon a ten-foot strip in the highway in front of the premises of appellees and running three wires from pole to pole above the surface of the highway, no part of the premises of any appellee to be taken except the area in the highway occupied by the poles, the wires to run longitudinally with and in the highway, and with no encroachment upon or invasion of any land of any appellee which lies beyond the limits of the highway. The petition sought exclusive use (subject to the existing highway easement) of the area to be actually occupied by the poles, but expressly averred that petitioner did not seek to acquire exclusive use of any other part of the land in the highway, but only the right to the use of an easement in, upon and over the balance of the ten-foot strip between the poles for the suspension thereover of its wires and the necessary travel to and fro for maintenance, repair and replacement. The several ten-foot strips in the highway were specifically described in the petition, and there were attached to the petition, as exhibits, plats showing the proposed location of the poles as to each tract. After motions by the several appellees to dismiss the petition had been made and overruled by the court, each appellee filed a cross-petition claiming damages to land beyond the limits of the highway and not to be taken,—Wieland to a tract of 50 acres, Cartwright to a tract of 22 acres, Smith to a tract of 5.31 acres and Haensel to a tract of 122 acres. A jury

trial was had and verdicts were returned by the jury as follows: Wieland, land taken to be occupied by two poles $0.12, depreciation of land in highway $24.88, damage to land outside highway $75, total $100; Cartwright, land taken to be occupied by eleven poles $0.66, depreciation of land in highway $69.34, damage to land outside highway $75, total $145; Smith, land taken to be occupied by two poles $0.12, depreciation of land in highway $9.88, damage to land outside highway $50, total $60; Haensel, land taken to be occupied by twenty-eight poles $1.68, depreciation of land in highway $68.32, damage to land outside highway $75, total $145. Motion for a new trial having been overruled and judgment entered on the verdicts, appellant has appealed to this court.

The lands in question are situated about five miles east of Springfield. The Wieland, Cartwright and Smith tracts have a frontage upon State Route 10 of 500 feet, 1750 feet and 450 feet, respectively. There are two Haensel tracts, one with a frontage on the Clear Lake road of 1120 feet and the other a frontage of 3325 feet on a north and south road. The Cartwright tract of 22 acres is farm land, with two dwelling houses, barn, filling station, automobile repair shop and garage thereon. The Wieland tract is used for farming, and has a house, a wash house, chicken house, corn-crib, machine shed, barn and silo thereon. The Smith tract has a house, garage and two chicken houses and is used as a fruit farm. The Haensel tract is ordinary farm land.

Each appellee testified solely in support of his own cross-petition and gave in a lump sum his estimate of the damage which the ten-foot strip and his land outside of the highway would sustain, except that Smith testified that he did not think that his property in the highway would be damaged. The only other witness called by appellees testified that he did not see where the building of the power line in the ten-foot strip out in the highway would inter-

fere in any way whatever with a farm within the fence.
Appellees did not itemize the elements which entered into
their estimates of damages, but each of them gave as ele-
ments which they took into consideration, one or more of
the following: unsightliness of the poles, the danger of
having to trim trees, that it would require more labor to
cut weeds and grass around the poles, and that the line
would interfere with access to the premises. One of the
witnesses testified that the line might interfere with trim-
ming his hedges. The evidence does not show how it
would be possible for the maintenance of the line to inter-
fere with the trimming of a hedge growing on the line be-
tween the road and the farm. There is no evidence that
the building of the line will in any manner interfere with
ingress or egress to or from appellees' premises or in any-
wise render them less accessible. On the contrary, it is
stipulated that the line will be so constructed as not to do
so. There is no evidence that the line as constructed will
interfere with any trees of appellees' growing on or along
the right of way. There was one tree which the evidence
showed the line might touch, but it was stipulated that at
that particular point the line would be built so high as not
to interfere with the tree. While injuries necessarily and
actually inflicted upon trees may be considered by the jury
and included in the estimate of damage, the jury have
no right to take into consideration any damages which are
merely speculative and which are remotely contingent. *Tri-
State Tel. Co.* v. *Cosgriff,* 124 N. W. 75.

It is contended by appellees that the unsightliness of the
poles is a proper element to be taken into consideration in
estimating the damages, and cite in support of this conten-
tion *Board of Trade Tel. Co.* v. *Darst,* 192 Ill. 47. The
answer to this contention is two-fold: First, there is no
evidence in the record that the poles, when the construction
is complete, will be unsightly; and second, while in the
*Darst case* language not necessary to a decision of that case

is used which supports that contention, such language is not in harmony with either the previous or subsequent decisions of this court. (*Rigney* v. *City of Chicago,* 102 Ill. 64; *Frazer* v. *City of Chicago,* 186 id. 480; *City of Winchester* v. *Ring,* 312 id. 544; *Otis Elevator Co.* v. *City of Chicago,* 263 id. 419; *Illinois Power and Light Corp.* v. *Talbott,* 321 id. 538; *Same* v. *Cooper,* 322 id. 11; *Same* v. *Parks,* 322 id. 313; *Same* v. *Peterson,* 322 id. 342; *Illinois Central Railroad Co.* v. *Trustees of Schools,* 212 id. 406.) In *City of Winchester* v. *Ring, supra,* it was held that the right to damages must be based on the ground that a right of property has been disturbed and cannot be awarded for an injury to the convenience or feelings of the owner, and that the location of a cemetery in proximity to the farm of appellant was a damage which affected the feelings of the individual owner, only, and varied with the sentiments of each particular individual, and was not subject to proof or measurement and therefore not compensable. In *Illinois Power and Light Corp.* v. *Peterson, supra,* it was held that the unsightliness of the tower and transmission line involved no physical disturbance of a right of property, but was so remote, speculative and uncertain as to afford no basis for the allowance of damages.

To entitle a claimant in a condemnation proceeding to compensation for damages to land not taken he must prove by competent evidence that there has been some direct physical disturbance of a right, either public or private, which he enjoys in connection with his property and which gives it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally. The physical disturbance need not be a physical disturbance or direct injury of the tangible object of property rights, but must be a disturbance of a right which the owner enjoys in connection with his ownership of the tangible object. The damage must be direct and proximate

and not such as is merely possible or may be conceived by the imagination. (*Illinois Power and Light Corp.* v. *Talbott, supra; Same* v. *Peterson, supra.*) Testimony as to amounts of damage where there is no basis of damage is of no value as evidence. (*Mutual Union Tel. Co.* v. *Katkamp,* 103 Ill. 420; *St. Louis and Cairo Railroad Co.* v. *Postal Tel. Co.* 173 id. 508.) When the evidence in this case is tested by the rules above laid down, it is manifest that it is insufficient to sustain the judgment as to any of the tracts in question in this case.

The judgment of the county court of Sangamon county must therefore be reversed and the cause remanded to that court. The appellant will pay all costs.

*Reversed and remanded.*