CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Plaintiff-Appellee *v.*
LAWRENCE T. WESTERVELT, Defendant-Appellant.

Third District No. 74-336

Opinion filed February 6, 1976.

Hartzell, Glidden & Tucker, of Carthage (Stanley L. Tucker, of counsel), for appellant.

Harris & Harris, of Macomb, and Nafziger & Otten, of Springfield (Elmer Nafziger, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Central Illinois Public Service Company, hereafter referred to as CIPS, instituted an eminent domain action in the Circuit Court of McDonough County to acquire a perpetual easement to construct, operate, and maintain a high-voltage electric transmission line across land owned by the defendant-appellant, Lawrence T. Westervelt. Westervelt filed a cross-petition which claimed damage to the remainder of his property not within the easement strip. CIPS denied any of the damages alleged in the cross-petition. The case was tried before a jury and a verdict was returned finding just compensation for the land taken to be $3, and for the land not taken but within the easement strip to be $8,187.70, and no damage for land outside the easement strip. Westervelt filed a post-trial motion on January 18, 1973, that requested a new trial. On January 29, 1974, the trial judge (Francis P. Murphy) declared a mistrial because CIPS had presented both improper evidence and argument. Westervelt moved that the court grant him attorney fees for the first trial and his motion was denied.

A second trial was held before a jury on April 29, 1974. At the conclusion of this second trial the jury again returned a verdict for the defendant, Westervelt, finding just compensation for damage to the land taken to be $6.60, just compensation for damage to the land not taken outside the easement strip to be $8,750, and just compensation for land within the easement strip but not taken to be $3,780. Judgment was entered upon the verdict of the jury and Westervelt now brings this appeal.

Westervelt presents four issues for review claiming the trial court committed reversible error by: (1) Denying his motion for change of venue to a county other than McDonough or denying his request to have

CIPS produce a list of customers or denying his challenge to the entire venire; (2) Excluding defendant's photographic exhibits 1-9 from evidence; (3) Prospectively prohibiting introduction of evidence pertaining to unsightliness of the proposed structures upon the easement strip and their effect on the fair market value of the land not taken and in refusing to admit the testimony and offer of proof of certain of defendant's witnesses pertaining to said matters; (4) Denying defendant's petition for attorney's fees because CIPS caused the mistrial to be declared at the conclusion of the first trial.

■■ Before the second trial began on April 29, 1974, several relevant motions were filed and argued on both sides. On February 20, 1974, CIPS filed a motion for change of venue which was styled a supplemental motion for change of venue. That motion requested that the cause be tried before some judge other than Francis P. Murphy. At the conclusion of the hearing of February 26, 1974, of CIPS's said supplemental motion for change of venue, which was contested by Westervelt, the motion was denied and an appropriate order was entered on March 14, 1974. Also on February 26, 1974, Westervelt filed a motion for change of venue to some county other than McDonough because the defendant feared the inhabitants of McDonough County were prejudiced against him and that CIPS had an undue influence over the inhabitants, a great many of whom were customers of CIPS. This motion by Westervelt was not verified nor supported by affidavits as required by statute. Westervelt's said motion for change of venue filed on February 26, 1974, and CIPS's motion to strike the same came on for hearing on April 3, 1974. The trial court granted CIPS's motion to dismiss the Westervelt motion for change of venue but granted Westervelt's leave to file a second motion for change of venue instanter. The second motion was verified and supported by affidavits. Evidence was presented showing the physical area served by CIPS and that 13,887 customers were served in McDonough County. After arguments from both parties were heard, Westervelt's second motion for change of venue was denied. We believe that where the basis of a petition for a change of venue is the alleged prejudice of the inhabitants of the county or the undue influence of the adverse party over their minds, the granting or denying of the petition rests in the discretion of the court (Ill. Rev. Stat. 1973, ch. 146, §4); that the trial judge's determination should not be disturbed unless there is an abuse of discretion (*Gouker v. Winnebago County Board of Supervisors*, 37 Ill. 2d 473, 228 N.E.2d 881 (1967)). Westervelt's second motion (petition) was based upon opinion of the pleader, and as it appears the allowing of extensive voir dire questioning and the granting of a motion in limine helped eliminate the possibility of prejudice that was alleged in

the petition, we find the trial judge did not abuse his discretion in denying the petition for change of venue.

■■ Westervelt challenged the entire venire prior to the jury being sworn, for the reason that he believed all of the panel were customers of CIPS or customers of someone supplied by CIPS. The challenge was supported by Westervelt's affidavit which set out that he believed the jury included customers, stockholders or employees or members of the family of the same of CIPS. A request was also made that CIPS produce a list of customers, employees and stockholders. The court granted the request as to CIPS stockholders and employees but would not require the production of a customer list and denied the challenge of the entire venire. From studying the relevant petitions of the record we conclude that the trial judge did not err in denying the challenge to the venire or the request for production of a customer list. Each prospective juror was questioned extensively on voir dire in an effort to uncover any prejudice for or against CIPS. Several jurors were dismissed for cause when their answers to questions revealed that they were employees of CIPS or close acquaintances of employees or were stockholders of CIPS or related to stockholders. Each juror was asked if he could impartially consider the evidence as it was presented and the instructions of the court and render his verdict based thereon. The question was asked whether the prospective jurors had any feeling or whether they would tend to lean to one side or the other in this case. They responded in the negative. Specifically the question was asked of one juror, "No feeling of the fact that Central Illinois Public Service Company produces electricity and transmits the same?" The response was "No." The answers given by the jurors finally accepted by both sides during voir dire examination were under oath and none indicated any prejudice against Westervelt or in favor of CIPS. We feel the trial judge acted without error in denying both the challenge to the entire venire and the request to produce a list of CIPS customers.

■■ The defendant next contends that error occurred in the trial court's refusal to admit his photographic exhibits 1-9 into evidence. All of those exhibits are pictures of rural residences in the vicinity of defendant's property. They were offered to suggest to the jury the possibility of erecting like structures on Westervelt's property as the highest and best use of his land. Westervelt urges that these exhibits were critical to his attempt to show that the highest and best use of his land is for rural residential homesites. Several valuation witnesses testified to this as the highest and best use of defendant's property. The jury viewed the scene. While it is true that photographs which illustrate the subject matter of testimony may be received into evidence for the purpose of showing a

particular situation, explaining the testimony or enabling the jury to apply the testimony more intelligently to the facts shown (see Righeimer, Eminent Domain in Illinois 1972 §5.052, at 104 (2d ed. 1972)), the admission into evidence is within the discretion of the trial court and it is a proper exercise of such discretion to refuse to admit the photographs where the jury has viewed the premises. (*Department of Public Works and Buildings v. Chicago Title and Trust Co.*, 408 Ill. 41, 95 N.E.2d 903 (1951).) The viewing of the premises by the jury in the instant case cured any alleged prejudice resulting from the trial court's refusal to admit defendant's photographic exhibits 1-9 into evidence.

Westervelt next contends that the verdict of the jury in this case should be reversed because that verdict was the result of a clear and palpable error due to the trial court's prospective ruling that evidence as to the unsightliness of the improvements to be constructed by CIPS on the easement strip was inadmissible. We are inclined to agree with defendant's contention and believe that the error prejudiced and misled the jury. In the instant case Westervelt sought to prove damage to the remainder of his land not taken by CIPS because the highest and best use of said land was for rural residential homesites. He claimed the presence of high-voltage electric transmission line and supporting structures was unsightly and unattractive and would reduce the market value of his land not taken because the public would be less willing to buy residential tracts there. We disagree with CIPS reasoning that unsightliness is not a proper element to be considered in determining the damage to property in an eminent domain action. In *Central Illinois Light Co. v. Porter*, 96 Ill. App. 2d 338, 239 N.E.2d 298 (1968), we held that where an electric transmission line ran across property useful only for duck hunting purposes the unattractiveness of the structures to wild ducks which caused them to cease using the property was a proper element of damage to be considered by the jury in awarding damages to remainder of a defendant's property not taken in an eminent domain action. We are also aware of *Board of Trade Telegraph Co. v. Darst*, 192 Ill. 47, 50, 61 N.E. 398, 399 (1901), where the Illinois Supreme Court said in speaking of the damage to land not taken for purposes of constructing a telegraph line: "We have no doubt, as a proper element of damage it was competent to prove the nearness to his residence and the unsightliness of the poles or structure  *  *  *." The *Darst* case has been criticized by the cases of *City of Winchester v. Ring*, 312 Ill. 544, 144 N.E. 333 (1924), *Illinois Power Co. v. Wieland*, 324 Ill. 411, 155 N.E. 272 (1927), and *Central Illinois Light Co. v. Nierstheimer*, 26 Ill. 2d 136, 185 N.E.2d 841 (1962). In those cases the language used by the court was to the effect that unsightliness should not be considered in awarding damage for land

not taken in an eminent domain action. In the context of those decisions that language in each was dicta and the holdings in fact were based on other reasons such as non-recognition of the fact that a cemetery offended the sensibilities of the individual landowner in the *Ring* case, or where continuing damage from the poles was speculative as in the *Wieland* case, or the lack of danger from power lines and towers in the *Nierstheimer* case.[1]

The fact that the structure in the case at bar was unsightly to Westervelt is not controlling. Defendant made an offer of proof to the court by expert real estate appraisers that the structure CIPS proposed to construct would be unsightly to the public and thereby reduce the value of the land to purchasers who would be willing to pay less than what Westervelt's land was worth before the taking. The reason applied in *Central Illinois Light Co. v. Porter* is applicable here and will be followed.

■■ The rule consistently applied in Illinois is that where the testimony as to values is in conflict, the jury has viewed the premises, and the verdict is within the range of the testimony, the award will not be disturbed on review unless there is something in the record showing that the verdict was a clear and palpable mistake or the result of passion and prejudice or that there was some erroneous ruling that might have misled the jury. (*Department of Public Works & Buildings v. Oberlaender*, 92 Ill. App. 2d 174, 235 N.E.2d 3 (1968).) We believe the trial court's prospective ruling and refusal to admit evidence of unsightliness of the structures to be constructed by CIPS as an element of damage was error and misled the jury. For that reason the cause must be reversed and remanded for a new trial.

We find no merit in defendant's claim for attorney fees for the first trial because a mistrial was granted. Defendant does not fall within the applicable statutory provision for attorney fees in an eminent domain action (see Ill. Rev. Stat. 1973, ch. 47, §10). Likewise no agreement or stipulation between Westervelt and CIPS on which to base allowance of attorney fees to Westervelt has been shown.

For the foregoing reasons the judgment of the Circuit Court of McDonough County is reversed and the cause remanded for a new trial consistent with the views expressed herein.

Reversed and remanded for a new trial.

ALLOY and STOUDER, JJ., concur.

---

[1] The unsightliness of proposed structures in these cases was not shown to have adversely affected valuations of land. Whatever factors adversely affect valuations is admissible.