STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of John J. Kurkjian *et al.*, Plaintiff-Appellee, v. MILLER ELECTRIC COMPANY, a Division of Carol Cable Company, Inc., Defendant-Appellant.—KEITH CONSAGO, Plaintiff-Appellee, v. MILLER ELECTRIC COMPANY, a Division of Carol Cable Company, Inc., Defendant-Appellant.

Second District   No. 2—91—1249

Opinion filed July 7, 1992.

Geroge E. Krippner and Kathleen K. Watson, both of Clancy & Krippner, of St. Charles, for appellant.

Louis A. Varchetto, of Wylie, Mulhern, Rehfeldt & Varchetto, of Wheaton, and Michael D. Fabing, of Warsawsky & Fabing, of Chicago, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Miller Electric Company, a division of Carol Cable Company, Inc., appeals from the circuit court's order of September 30, 1991, denying its request for attorney fees and litigation expenses as recoverable costs pursuant to sections 5—108 and 5—109 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, pars. 5—108, 5—109) and section 2310(d)(2) of the Federal Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (Magnuson-Moss Act or Act) (15 U.S.C.A. §2310(d)(2) (West 1982)). We affirm the judgment and impose sanctions against defendant.

In its original action against defendant, plaintiffs' subrogee, State Farm Fire and Casualty Company, filed a four-count complaint, alleging, among other things, that, on June 26, 1985, a defective extension cord manufactured by defendant caused a fire to the Kurkjians' home. Count IV of the complaint was premised on defendant's alleged breach of an implied warranty in violation of the Magnuson-Moss Act (15 U.S.C.A. §2301 *et seq.* (West 1982)). The detailed facts of the case are sufficiently recounted in the direct appeal (*State Farm Fire & Casualty Co. v. Miller Electric Co.* (1990), 204 Ill. App. 3d 52) and need not be recited here. Suffice it to say, the jury's general verdict for plaintiff was overturned on appeal because of an inconsistent answer to a special interrogatory.

Following its successful appeal, defendant petitioned for attorney fees and costs in the trial court. Defendant sought $1,245.50 in "court costs" which included the cost of depositions, an appearance fee, an appellate court appearance fee and the preparation of the appellate court record.

In addition, defendant sought other "litigation expenses" totalling $32,665.02 which included $26,965 in attorney fees, $702.31 in miscellaneous litigation expenses; $2,783.61 in expert fees; $2,208.60 for appellate court transcripts; and another transcript in the amount of $5.50. Expenses in the trial court appear to be intermingled with those incurred on appeal.

The trial court awarded defendant the costs amounting to $1,245.50 only and denied costs and attorney fees pursuant to the Magnuson-Moss Act and section 5—108 of the Code. Except for the written order, the record sheds no light on what transpired at the hearing on fees and costs, and we are unable to ascertain what evidence was considered by the trial court in making its award. Section 5—108 of the Code permits successful plaintiffs to "recover costs against the defendant *** and the same shall be recovered and en-

forced as other judgments for the payment of money." Ill. Rev. Stat. 1991, ch. 110, par. 5—108.

■ On appeal, defendant argues that a defendant who successfully defends a claim under the Federal Magnuson-Moss Act should be entitled to recover his costs and attorney fees pursuant to the Act and section 5—109 of the Illinois Code. Section 5—109, the current State statute on costs, provides in pertinent part:

> "Defendant to recover costs. If any person sues in any court of this state, in any action, wherein the plaintiff may have costs in case judgment is entered in favor of the plaintiff and *** judgment is entered against the plaintiff, then judgment shall be entered in favor of defendant to recover defendant's costs against the plaintiff *** to be taxed, and the costs shall be recovered of the plaintiff, by like process as the plaintiff may have had against the defendant, in case judgment had been entered for such plaintiff." Ill. Rev. Stat. 1991, ch. 110, par. 5—109.

This statute merely provides that a defendant may obtain its costs, when authorized by law, by a legal "process" similar to that available to the plaintiff. In its ordinary legal meaning, "process" has been defined as " 'any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property.' " (*Austin Liquor Mart, Inc. v. Department of Revenue* (1974), 18 Ill. App. 3d 894, 905, quoting *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 968.) Nothing in defendant's brief persuades us that section 5—109 creates an automatic right to attorney fees and costs in *all* cases where a plaintiff may have been entitled to them.

■ Subsection 2310(d)(2) of the Federal Act states in pertinent part:

> "If a *consumer* finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (Emphasis added.) (15 U.S.C.A. §2310(d)(2) (West 1982).)

Paragraph one of the subsection referred to above provides that "a *consumer* who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter,

or under a written warranty, implied warranty, or service contract, may bring suit for damages." (Emphasis added.) 15 U.S.C.A. §2310(d)(1) (West 1982).

Defendant, a *manufacturer*, concedes that the Illinois rule is that attorney fees and litigation expenses cannot be recovered except when expressly authorized by statute or by agreement of the parties (*In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 486). Nevertheless, defendant ignores the clear language of the above-cited provisions enacted for the benefit of *consumers* (and clearly not for the benefit of defendant-manufacturers) and argues that the Federal Act "expressly provides that a Plaintiff who prevails in an action brought under the Act may recover Attorney's fees and litigation expenses as costs"; defendant further argues that, when read together with section 5—109 of the Illinois Code, defendant is entitled to attorney fees and costs. Defendant cites no case law for this latter proposition.

The fee-shifting provisions of the Magnuson-Moss Act were enacted to vindicate the rights of a consumer who was injured by a party such as defendant and were intended to encourage consumers to pursue their legal remedies by providing them with access to legal assistance. (*Vieweg v. Friedman* (1988), 173 Ill. App. 3d 471, 475-76.) Without such assistance, *consumers* would frequently be unable to vindicate their warranty rights accorded by law. (*Ventura v. Ford Motor Corp.* (1981), 180 N.J. Super. 45, 54, 59, 433 A.2d 801, 808, 812.) Defendant mischaracterizes the clear intent of the Magnuson-Moss Act in construing it to benefit any and all prevailing parties by reading it into our State costs statutes. Defendant also ignores the well-established and long-standing distinction in this State between costs and attorney fees.

■ There is no common-law principle allowing attorney fees either as costs or damages. (*Qazi v. Ismail* (1977), 50 Ill. App. 3d 271, 273.) In the absence of a legislative enactment, the "American" rule consistently followed in Illinois is that a successful litigant is not entitled to recover attorney fees and the ordinary expenses of litigation and trial preparation. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52; *Naiditch v. Shaf Home Builders, Inc.* (1987), 160 Ill. App. 3d 245, 268.) The rule is so ingrained in our system of jurisprudence that our supreme court has repeatedly refused to change the rule even when constitutional grounds have been argued. See *Hiyane*, 42 Ill. 2d at 51-52.

■ Only those items of costs designated by statute may be allowed as costs, and attorney fees are "not of that character." (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 442, citing *Ritter v. Ritter* (1943),

381 Ill. 549; see *Ryerson v. Apland* (1941), 378 Ill. 472, 477; see also *O'Hare v. Moniak* (1969), 110 Ill. App. 2d 327, 328 (statutory costs did not include attorney fees).) Furthermore, statutes which provide for the award of attorney fees to a successful litigant do so only in specific language. *Qazi,* 50 Ill. App. 3d at 273; see also Saltzman, *A Brief Look at Statutory Attorneys' Fees in Illinois,* 73 Ill. B.J. 266 (1985) (noting at least 88 statutes allowing attorney fees).

■ Defendant's brief and conclusory arguments also state that the law should not favor plaintiffs over defendants based on fundamental considerations of equal rights and due process; these arguments are unsupported by specific references to case law; defendant merely cites an incorrect citation to the Illinois Constitution. Similar constitutionally grounded arguments have previously been rejected by our supreme court. (See, *e.g., Hiyane,* 42 Ill. 2d at 51.) Fee-shifting statutes are enacted to encourage certain classes of persons to assert their rights. See Stephens, *The Fees Stop Here: Statutory Purposes Limit Awards to Defendants,* 36 De Paul L. Rev. 489, 497 (1987).

## SANCTIONS

Pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)) and citing *Kennedy v. Miller* (1990), 197 Ill. App. 3d 785, plaintiff, State Farm Fire and Casualty Company, as subrogee, has requested that this court impose sanctions for defendant's prosecution of a frivolous appeal because there is no arguable basis in law supporting defendant's position, and no reasonable argument has been advanced or exists for the modification of existing law. In support of its request, plaintiff has provided an affidavit showing that the sum of $1,072.50 (14.3 hours at $75 per hour) has been expended in attorney fees in defending this appeal. We agree with plaintiff's position, and our review of defendant's reply brief has not persuaded us otherwise.

■ As stated in the supreme court rule, an appeal will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law. (134 Ill. 2d R. 375(b).) Otherwise stated, an appeal will be deemed frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal. *Kennedy,* 197 Ill. App. 3d at 791; accord *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.* (1990), 203 Ill. App. 3d 304, 312.

■ In the case at bar, defendant has (1) ignored the plain language of the Magnuson-Moss Act which permits recovery of fees by consumers and not by manufacturers such as defendant; (2) has failed to provide any authority or a good-faith argument for a construction

of that act to the contrary; (3) has failed to show any facts that it may be deemed a consumer; (4) has ignored long-standing precedent by our supreme court stating that fees and costs may only be awarded when provided for by specific statute and has ignored the distinctions between these types of awards; (5) has failed to advance any new and supportable reason why the well-established law of this State regarding fees and costs should be modified; and (6) has ignored the plain meaning of the cost statutes upon which it relies. We believe that a reasonable, prudent attorney would not in good faith have brought such an appeal. This conclusion is also supported by the fact that defendant has failed to cite sufficient and specific, relevant authority to support its arguments in the 2½-page argument section of its brief.

We deem this appeal frivolous pursuant to Rule 375(b), and we order defendant, Miller Electric Company, and its attorneys to pay plaintiffs' subrogee, State Farm Fire and Casualty Company, the sum of $1,072.50 as a sanction for bringing this frivolous appeal. Defendant and its attorneys shall be jointly and severally liable for the payment of this amount.

The judgment of the circuit court is affirmed with sanctions.

Affirmed with sanctions.

INGLIS, P.J., and McLAREN, J., concur.