THE ENVIRONMENTAL PROTECTION AGENCY, Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD, Respondent (E S G Watts, Inc., Respondent-Appellee).

Third District   No. 3—93—0144

Opinion filed November 30, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for petitioner.

Boyle, Klingler & McClain, of Springfield (Kevin T. McClain, of counsel), for respondent E S G Watts, Inc.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The petitioner, the Illinois Environmental Protection Agency (the Agency), appeals from an order of the respondent, the Illinois Pollution Control Board (the Board). The Board's order reversed the Agency's decision to deny seven special waste stream permit applications from the respondent, ESG Watts, Inc. (Watts). After a hearing, the Board determined the Agency denied the permits as a substitute for an enforcement action against Watts for previous alleged violations of the Illinois Environmental Protection Act (the Act) (Ill. Rev. Stat. 1991, ch. 111½, par. 1001 et seq.). The Board ordered the Agency to issue the permits. The Agency appeals. We affirm.

On December 6, 1991, Watts filed seven applications with the Agency. One application requested permission to continue receiving a

special waste stream. The remaining six applications requested permission to begin receiving six additional special waste streams. All seven applications concerned Watts' Andalusia landfill facility at Taylor Ridge, Illinois. This facility has been in continuous operation since 1972, when the Agency granted Watts its initial permit.

On January 30, 1992, the Agency sent Watts a preenforcement letter. This letter provided written confirmation of the allegations that Watts failed to comply with certain requirements of the Act. The letter also stated that an enforcement action would be prepared. Attached to the letter were the statutory provisions the Agency alleged Watts had violated.

On March 9, 1992, the Agency denied all seven of Watts' permit applications. In support of its decision, the letters notifying Watts of the Agency's conclusions cited violations of the Act which were identical to the violations listed in the Agency's January 30 preenforcement letter. Watts timely appealed to the Board.

On August 11, 1992, the Board conducted a hearing before a hearing officer. At the hearing, Agency permit analyst Ronald Steward testified that his recommendation to deny the permits was based substantially on the alleged violations involved in the pending enforcement action. He also testified a field inspector observed two leachate seeps on March 9, 1992. Steward stated this fact also influenced his recommendation to deny Watts' permit applications. Thomas Jones, a Watts employee, testified that the two leachate seeps observed on March 9 were immediately corrected.

On October 29, 1992, the Board issued an order reversing the Agency's decision to deny Watts' seven applications and requiring the Agency to issue the permits. The order stated that the Agency had improperly denied the permits solely on the basis of the alleged violations of the Act which were listed as the basis of the pending enforcement action. The Board based its decision on its own prior rulings holding that permit denial is an improper substitute for an enforcement action. The Board struck all of the Agency's reasons for denying the permits.

The Agency filed a motion for reconsideration of the Board's order on December 4, 1992. The Board denied the Agency's motion on January 21, 1993. On February 23, 1993, the Agency filed a petition for review with this court. We note that the Board is not a party to this appeal.

The Agency argues the Board's findings are against the manifest weight of the evidence. Based upon our review of the record, we disagree.

Generally, on review of a decision by an administrative agency, it is not a court's function to reweigh the evidence or to make an independent determination of the facts. (*Abrahamson v. Illinois Department of Professional Regulation* (1992), 153 Ill. 2d 76, 88, 606 N.E.2d 1111, 1117.) Rather, the reviewing court must evaluate the evidence to determine whether the Board's findings are against the manifest weight of the evidence. (*Environmental Protection Agency v. Pollution Control Board* (1986), 115 Ill. 2d 65, 70-71, 503 N.E.2d 343, 346.) The factual findings of an administrative agency are held to be *prima facie* true and correct. (*Skolek v. Utica Grade School District No. 135* (1992), 232 Ill. App. 3d 278, 282, 597 N.E.2d 919, 922.) Where an administrative agency's factual inferences are reasonable, they are entitled to acceptance on review. (*Rockford Township Highway Department v. Illinois State Labor Relations Board* (1987), 153 Ill. App. 3d 863, 875, 506 N.E.2d 390, 397.) If any evidence fairly supports the action of an administrative agency, its decision is not against the manifest weight of the evidence and must be sustained on review. *Farmers State Bank v. Department of Employment Security* (1991), 216 Ill. App. 3d 633, 640, 576 N.E.2d 532, 537.

Here, we conclude the Board's findings are not against the manifest weight of the evidence. The Board heard evidence and reasonably determined that the Agency had denied the requested permits solely on the basis of alleged violations of the Act. Additionally, the Board was correct in noting in its written order that the procedures for permit denial and enforcement of the Act are separate and distinct. (Ill. Rev. Stat. 1991, ch. 111½, par. 1039(a) (permit denial); Ill. Rev. Stat. 1991, ch. 111½, par. 1031 (enforcement).) Therefore, we conclude the Board properly drew the inference that the Agency improperly used the permit denial process as a substitute for the enforcement procedure. Because we find the Board's inference here to be reasonable, we must accept it on review.

We further note the applications that Watts submitted to the Agency were accompanied by analyses of the concentrations of the various chemical elements and compounds contained in the special waste streams. These analyses determined that the concentrations of each and every substance indicated in the reports were below the maximum allowable regulatory limits.

We conclude that the Board properly ordered the issuance of the permits after finding the Agency had advanced no permissible reasons for their denial. Therefore, we cannot say the Board's decision was against the manifest weight of the evidence.

For the reasons indicated, the decision of the Pollution Control Board is affirmed.

Affirmed.

STOUDER and BRESLIN, JJ., concur.